1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO
3
4

UNITED STATES OF AMERICA,

    Plaintiff,                       Criminal No. 95-29-37 (JAF)

    v.

DAVID SAMUEL MARTÍNEZ-VELEZ,

    Defendant.

5

6    **<u>OPINION AND ORDER</u>**

7    Defendant David Samuel Martínez-Vélez ("Martínez") moves the court to

8    reconsider our previous order, in which we declined to reduce Martínez's sentence under

9    retroactive sentencing guidelines. (Docket No. 3636.) We previously declined to

10   exercise jurisdiction over the substance of this motion, reasoning that the notice of appeal

11   Martínez filed four days later stripped us of jurisdiction. (Docket No. 3647; <u>see</u> Docket

12   No. 3637); Appeal No. 13-1894. On reexamination, we find that we do have jurisdiction,

13   and we deny the motion for reconsideration on its merits.

14   **I.**

15   **<u>Background</u>**

16   Martínez underwent a jury trial in our court beginning November 17, 1997.

17   (Docket No. 1917.) On February 16, 1998, the jury convicted him on several counts.

18   (Docket No. 2195.) Martínez was sentenced on July 9, 1998. (Docket No. 2359.) He

19   was sentenced first for conspiracy to possess with intent to distribute in excess of fifty

1   (50) grams of "crack" cocaine base, five kilograms of cocaine, and one kilogram of

2   heroin, a class "A" felony, as set forth in 28 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

3   Secondly, he was sentenced for conspiracy to intentionally kill Luis Rosario-Rodríguez,

4   Edwin Rosario-Rodríguez, and Richard Rosario-Rodríguez in their illicit drug-

5   distribution activities, violating 21 U.S.C. §§ 848(e)(1)(A) and 846.  Third, he was

6   sentenced for intentionally killing Wilfredo Rivera-Rodríguez and Wilfredo Guzmán-

7   Morales, in violation of 18 U.S.C. § 2.  Finally, he was sentenced for aiding and abetting

8   others in possession of and unlawful use and carrying of a firearm or firearms in violation

9   of 18 U.S.C. §§ 924(c)(1) and (2).  These convictions represented counts 1, 51, 57, 58,

10  and 65 of the indictment (Docket No. 2359.)  We sentenced Martínez to life as to counts

11  1, 51, 57, and 58, to be served concurrently with each other, and to ten (10) years (120

12  months) as to count 65, to be served consecutively to the sentence imposed in all other

13  counts.  We also sentenced Martínez to supervised release following these terms.  Id.  We

14  adopted the factual findings and guideline application in the presentence report, which

15  yielded a total offense level of 43 and a criminal history category of II, with an

16  imprisonment range of life.  Id.

17       On July 13, 1998, Martínez gave notice that he was appealing our judgment.

18  (Docket No. 2364.)  On May 29, 2001, the First Circuit affirmed our judgment and order.

19  (Docket No. 2870.)  On October 8, 2002, Martínez moved us to vacate his sentence under

20  28 U.S.C. § 2255 in Civ. No. 02-2515.  (Docket No. 2956.)  On October 29, 2004, we

21  summarily dismissed his motion to vacate. (Docket No. 3023.) However, on February 27,

22  2006, we held a hearing on his ineffective assistance of counsel claims.  (Docket

1    Nos. 3088, 3091-3094.)  On July 21, 2006, we again summarily dismissed Martínez's 28

2    U.S.C. § 2255 petition.  (Docket No. 3105.)

3            On January 9, 2007, Martínez moved the court for access to the sealed sentencing

4    transcript of Edwin Rosario-Rodríguez. (Docket No. 3147.)   We denied this request.

5    (Docket No. 3150.)  On February 16, 2012, the First Circuit denied Martínez a Certificate

6    of Appealability.  He had submitted new evidence, but the Court ruled that even if that

7    evidence were proven and viewed in light of the evidence as a whole, it would still be

8    insufficient to establish "by clear and convincing evidence that no factfinder would have

9    found the movant guilty of the offense." Appeal No. 12-1989; (Docket No. 3589)

10   (internal citations omitted).  On September 28, 2012, the First Circuit once again denied

11   Martínez leave to file a second or successive petition under 28 U.S.C. § 2255.  His

12   request was based on "newly discovered evidence," but the First Circuit found that this

13   was the same evidence which he had submitted in his prior appeal.  Appeal No. 12-1989;

14   (Docket No. 3589).

15           On October 18, 2012, Martínez filed another motion in our court to vacate his

16   sentence under a successive 28 U.S.C. § 2255 petition.  (Docket No. 3590.)   We denied

17   this motion on November 30, 2012.  (Docket No. 3593.)  On March 2, 2013, Martínez

18   filed a motion for retroactive application of the sentencing guidelines for his crack

19   cocaine offense.  (Docket No. 3611.)  We denied this motion on June 20, 2013, adopting

20   the reasons advanced by the probation office.  (Docket No. 3631.)   The probation office

21   recommended that Martínez was not eligible for a sentence reduction because a cross-

22   reference to USSG §2A1.1 (First Degree Murder) was mandated pursuant to USSG

Civil No. 95-29-37 (JAF)                                                          -4-

1    §2D1.1(d)(1), rendering a base offense level of 43 and a guideline range of life

2    imprisonment.  (Docket No. 3626.)  Further, we felt that "a life imprisonment term for

3    serious crimes of violence and multiple drug conspiracy and distribution [… was …]

4    totally justified." (Docket No. 3631.)

5         On June 28, 2013, Martínez filed a motion to reconsider our order declining to

6    reduce his sentence.  (Docket No. 3636.)  Four days later, on July 2, 2013, Martínez gave

7    notice that he was concurrently appealing that underlying order.  (Docket No. 3637);

8    Appeal No. 13-1894.  The government responded in opposition to Martínez's motion on

9    September 24, 2013, arguing that we lacked jurisdiction due to the pending appeal.

10   (Docket No. 3646.)  On September 24, 2013, we denied the motion for reconsideration,

11   reasoning that the appeal stripped us of jurisdiction.  (Docket No. 3647.)  On October 8,

12   2013, Martínez gave notice that he was appealing this denial of his motion for

13   reconsideration.    (Docket No. 3653) (Docket No. 3659); Appeal No. 13-2319.

14   However, he voluntarily dismissed that appeal.  (Docket No. 3672.)  Therefore, we are

15   left with the motion for reconsideration which we previously felt we lacked jurisdiction

16   to decide, and the appeal of the underlying motion.

17                                          **II.**

18                                     **<u>Jurisdiction</u>**

19        First, we must reexamine whether we have jurisdiction to decide a motion for

20   reconsideration, despite receiving notice from a defendant four days later that he was

21   filing an appeal of the underlying order.  (Docket Nos. 3636, 3637); Appeal No. 13-1894.

1    The law is clear regarding appeals of civil cases.  In civil cases, "a notice of appeal

2    filed before the disposition of a specified post-trial motion will become effective upon

3    disposition of the motion."  Note to FED.R.APP.P. 4(a)(4).  Unfortunately, criminal cases

4    do not have an express counterpart.  See FED.R.APP.P. 4(b); U.S. v. Davis, 924 F.2d 501,

5    504 (3d Cir. 1991).  The Federal Rules provide that the filing of a notice of appeal "does

6    not divest a district court of jurisdiction to correct a sentence under Federal Rule of

7    Criminal Procedure 35(a) [correcting clear error]."  FED.R.APP.P. 4(b)(5).  The rule does

8    not speak to other types of pending motions.

9    In the First Circuit, there is a case in which jurisdiction was divested because the

10   defendants "had filed their notices of appeal prior to moving for their sentence

11   reductions."  U.S. v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987).  However, there are no

12   cases where defendants filed their appeal four days later, so we look to other circuits for

13   guidance.  The Third Circuit has decided in at least some criminal cases to take an

14   approach analogous to civil cases, writing that "if the district court has jurisdiction over a

15   criminal matter by reason of motions pending there, at least if the motions implicate the

16   validity of the convictions and are filed before the appeal, the court of appeals will not

17   have jurisdiction over the appeal."  Davis, 924 F.2d at 504.  The Eleventh Circuit noted

18   that judicial economy would be served by "holding the appeal in abeyance until the

19   disposition of all motions in the district court and by remanding to the district court in

20   appropriate cases."  U.S. v. Garrison, 963 F.2d 1462, 1465 (11th Cir. 1992).  The Fourth

21   Circuit stated that "if [the defendant] had moved for reconsideration before filing his

22   notice of appeal, the district court would have been required to rule upon the motion."

1    U.S. v. Christy, 3 F.3d 765, 767 (4th Cir. 1993).   And, the Tenth Circuit noted their

2    "reluctance to make merits dispositions while post-trial motions remain pending in

3    district court."   U.S. v. Varah, 952 F.2d 1181, 1182 (10th Cir. 1991).

4          Given this backdrop, we now decide that we do have jurisdiction to proceed to the

5    merits of the case.

6                                                         **III.**

7                                                    **Analysis**

8    **A.       Sentence Reduction**

9          Martínez moves us to reconsider our denial of his motion for a sentence reduction.

10   (Docket No. 3636.)   He argues that "Title 18 U.S.C. §1111 (2d1.1(d)(1)) is a clear

11   violation of amendment 591."   Id.  He also argues that the probation office's position on

12   the cross-reference is wrong.  Id.

13         Title 18 U.S.C. § 1111 is the federal statute governing murder, but the provision

14   that Martínez quotes does not exist.  See 18 U.S.C. § 1111.  We believe he is referencing

15   the U.S. Sentencing Guidelines Manual in §2D1.1(d)(1), the cross-reference for murder,

16   which states that,

17                          If a victim was killed under circumstances that would
18                          constitute murder under 18 U.S.C. § 1111 had such killing
19                          taken place within the territorial or maritime jurisdiction of
20                          the United States, apply §2A1.1 (First Degree Murder) or
21                          § 2A1.2 (Second Degree Murder), as appropriate, if the
22                          resulting offense level is greater than that determined under
23                          this guideline.
24
25   U.S. SENTENCING GUIDELINES MANUAL §2D1.1(d)(1) (2013).   Those cross-referenced

26   sections provide for base offense levels of 43 and 38, respectively.   U.S. SENTENCING

Civil No. 95-29-37 (JAF)                                                    -7-

1    GUIDELINES MANUAL §2A1.1, §2B1.2 (2013).  Amendment 591, submitted to Congress

2    in the year 2000, related to §1B1.10 and "clarifies that a sentencing court must apply the

3    offense guideline referenced in the Statutory Index for the statute of conviction unless the

4    case falls within the limited "[plea bargain] stipulation" exception set forth in §1B1.2(a)."

5    Federal Register Notice, U.S. SENTENCING COMMISSION (Dec. 13, 2013, 4:25 PM),

6    http://www.ussc.gov/Legal/Federal_Register_Notices/fedr0800.htm.  We fail to see how

7    this amendment is violated by the cross-reference.

8           We also find that the probation office correctly read the cross-reference. Martínez

9    was convicted of intentionally killing Wilfredo Rivera-Rodríguez and Wilfredo Guzmán-

10   Morales.  (Docket No. 2359.)  Therefore, he was not eligible for a sentence reduction

11   because a cross-reference to USSG §2A1.1 (First Degree Murder) was mandated

12   pursuant to USSG §2D1.1(d)(1).  This rendered a base offense level of 43 and a guideline

13   range of life imprisonment.  (Docket No. 3626.)  Therefore, Martínez's sentence remains

14   unchanged.

15   **B.      <u>Dismissal of "New Evidence" Claims</u>**

16          Although the motion for reconsideration purports to ask us to reconsider our denial

17   of a sentence reduction, much of it rehashes arguments that have already failed on appeal.

18   (Docket No. 3636.)  Martínez argues that he has filed "new evidence concerning the

19   double murders."  <u>Id.</u>  As the First Circuit noted, his appeals based upon this "new

20   evidence" have been denied twice already.  Appeal No. 12-1989; (Docket No. 3589).  We

21   follow the rulings set forth in those appeals.

Civil No. 95-29-37 (JAF)                                                                          -8-

1   **C.        <u>Delivery and Distribution</u>**

2        Martínez also uses his motion for reconsideration to argue that the record

3   demonstrates he never participated in the delivery or distribution of illicit drugs.  (Docket

4   No. 3636.)  This is correct, as we said during sentencing that we were "going to eliminate

5   the reference to the delivery of elicit drugs to the various drug distribution points as it

6   relates to Samuel Martínez Vélez."  (Docket No. 3636-1) (sic).

7        Although we mentioned drug distribution in our order maintaining the initial

8   sentence, that was not the basis for our sentencing decision.  The initial sentencing order

9   never mentions delivery and distribution.  (<u>See</u> Docket No. 2359.)  We later declined to

10  reduce Martínez's sentence because a cross-reference to USSG §2A1.1 (First Degree

11  Murder) was mandated pursuant to USSG §2D1.1(d)(1), and rendered a base offense

12  level of 43 and a guideline range of life imprisonment.  (Docket No. 3626.)  We still feel

13  that a life sentence is justified given Martínez's convictions for serious crimes of violence

14  and his convictions for drug and murder conspiracies.  (Docket No. 3631.)

15                                                      **III.**

16                                                 **<u>Conclusion</u>**

17       For the foregoing reasons, Martínez's motion for reconsideration (Docket

18  No. 3636) is **DENIED**.

19       **IT IS SO ORDERED.**

20       San Juan, Puerto Rico, this 18th day of December, 2013.

21                                                      <u>S/José Antonio Fusté</u>
22                                                      JOSE ANTONIO FUSTE
23                                                      U. S. DISTRICT JUDGE